Nicola Parillo, Appellant, *v.* Frank H. Friss, Respondent.

Anthony Parillo, an Infant, by Nicola Parillo, His Guardian ad Litem, Appellant, *v.* Frank H. Friss, Respondent.

Supreme Court, Appellate Term, First Department, April 20, 1927.

Motor vehicles — injuries to persons — plaintiff's evidence shows that he was three-quarters way across street when struck by defendant's car — verdict for plaintiff reinstated — question of contributory negligence irrelevant.

The verdict of the jury in this negligence action in favor of the infant plaintiff should be reinstated, where the jury in returning said verdict must be regarded as having found the plaintiff was struck after he had passed three-quarters of the way across the street and had come to a place of safety; under these circumstances, the question of contributory negligence in not looking or in looking and seeing nothing is irrelevant.

Appeal by respective plaintiffs from orders of the Municipal Court, Borough of Manhattan, Eighth District, setting aside

verdicts in plaintiffs' favor, and from judgments dismissing the complaints on the ground that the infant plaintiff was guilty of contributory negligence as matter of law.

*Henry E. Stohldreier,* for the appellants.

*Milton A. Fisher,* for the respondent.

BIJUR, J. The infant plaintiff testified that when about to cross Two Hundredth street at Villa avenue from south to north, he looked both ways as he left the south curb and saw nothing, and again when three-quarters of the way across he looked again and similarly saw nothing.

The locality of the accident is peculiar. Two Hundredth street is a very wide street. A tunnel under the Grand Concourse debouches upon the middle of the street coming from the east; and roads on the north and south sides, forming part of the street, lead up and down on quite a grade to and from the Grand Concourse. The western exit of the tunnel is at Villa avenue, which runs north from Two Hundredth street.

Plaintiff's version of the accident is that after he had passed three-quarters of the way across the street he was struck by the left side of the defendant's west-bound car emerging from the tunnel — which would indicate that he was hit from the back after he had already crossed over and to the north of the line on which defendant was traveling.

Defendant's version is that plaintiff backing off the northeast curb to catch a ball ran into defendant's car while the latter was proceeding very slowly.

If defendant's version were believed the accident was caused solely by plaintiff's act. Plaintiff's story was manifestly accepted by the jury. It must, therefore, be taken as found that plaintiff was struck after he had reached a point of safety.

Under these circumstances the matter of contributory negligence in not looking or in looking and seeing nothing is wholly irrelevant. There is no such thing as contributory negligence *in vacuo.* As its very name implies it must be negligence that contributes to the accident, and under the facts as the jury must have believed them, the accident happened without any contributory negligence on plaintiff's part even if he had never looked at all.

Orders and judgments reversed, with fifteen dollars costs to each appellant, and verdicts reinstated.

All concur; present, BIJUR, LYDON and LEVY, JJ.